IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AFFINITY LAND SERVICES, LLC | : | CIVIL ACTION |
| v. | : | |
| AMERICAN SAFETY INDEMNITY COMPANY, et al. | : | NO. 15-6560 |

**MEMORANDUM**

**Padova, J.**                                                                                                   **March 29, 2016**

Plaintiff, Affinity Land Services, LLC ("Affinity"), has filed this declaratory judgment action against American Safety Indemnity Company ("American Safety") seeking a declaration that American Safety is required to defend and indemnify Affinity in an action in the United States District Court for the District of New Jersey.  Affinity has named as an additional defendant Stonegate Mortgage Corporation ("Stonegate"), which is the party suing Affinity in the District of New Jersey action.  Affinity filed this action in the Court of Common Pleas of Bucks County, Pennsylvania, and American Safety removed to this Court without first obtaining consent to the removal from Stonegate.  Subsequently, Stonegate filed an Objection to Removal, and American Safety filed a Motion to Strike that Objection.  Thereafter, Affinity and Stonegate filed a Joint Motion to Remand this case to state court.  For the following reasons, we deny the Motion to Remand and grant the Motion to Strike.

**I.      BACKGROUND**

The Complaint alleges the following facts.  In 2012, American Safety issued Affinity a "claims-made" Professional Liability Insurance Policy, which covered the period from September 1, 2012 to September 1, 2013.  (Compl. ¶¶ 4-5.)  On August 13, 2013, Affinity advised American Safety of a potential claim against it by "Stonegate Bank."  (Id. ¶ 6 and Ex.

B.)  On December 18, 2014, American Safety denied coverage to Affinity for the "Stonegate Bank" claim, asserting that the claim was outside the policy period because, while Stonegate made its claim against Affinity in May 2013, Affinity did not report the claim to American Safety until July 29, 2014.  (Id. ¶ 10 and Ex. E.)  Subsequently, on April 8, 2015, Affinity was joined as a third-party defendant in the following case:  Wells Fargo Bank, N.A. v. Capital Financial Mortgage Corp. & Stonegate Mortgage Corp., Civ. A. No. 14-5124 (D.N.J.).  (Compl. ¶ 9.)

Count I of the Complaint requests a declaratory judgment that American Safety has a duty to defend and indemnify Affinity in the District of New Jersey action.  Count II, asserted against Stonegate alone, asserts that Stonegate is joined in this action as an indispensable party pursuant to Vale Chemical Co. v. Hartford Accident & Indemnity Co., 516 A.2d 684 (Pa. 1986).

American Safety removed the case to this Court on December 10, 2015.  In its Notice of Removal, American Safety stated that "Stonegate Mortgage Corporation has been asked to consent[] to the removal thereby satisfying the requirements of 28 U.S.C. § 1446(b)(2)(A).  However, Stonegate Mortgage has not yet taken a position on removal."  (Notice of Removal ¶ 5.)  Stonegate filed an Objection to Removal stating that it "does not consent and hereby objects to removal of this action."  (Obj. at 1.)  American Safety filed the instant motion to strike the next day.  Subsequently, Affinity and Stonegate jointly filed the instant Motion to Remand.

## II. LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court so long as the federal court would have had original jurisdiction over the matter had it been filed in federal court.  28 U.S.C. § 1441(a).  The procedure for removal of an action from state court to federal court is set forth in 28 U.S.C. § 1446, which requires all defendants served in the state court action to join in

or consent to removal.  28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.")  The removing party "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); and Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006)).  Courts strictly construe the removal statutes and "'all doubts should be resolved in favor of remand.'"  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).  We will remand an action to state court where we lack subject matter jurisdiction or there is "a defect in the removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993) (citing 28 U.S.C. § 1447(c)).

### III.    DISCUSSION

#### A.    Motion to Remand

Affinity and Stonegate jointly moved to remand this case to state court because Stonegate, one of the defendants, did not consent to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(A).  However, American Safety contends that Stonegate's consent is not necessary because Stonegate is only a nominal party.

Section 1446(b)(2)(A) clearly requires that all defendants in an action removed pursuant to § 1441(a) join in or consent to removal.  See 28 U.S.C. § 1446(b)(2)(A).  However, the United States Court of Appeals for the Third Circuit has recognized an exception to the unanimity rule where the "non-joining defendant is an unknown or nominal party."  Balazik v. Cty. of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (citations omitted); see also Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 358 (3d Cir. 2013) (affirming the determination that defendant SmithKline

Beecham Corp.'s citizenship was irrelevant to the removability of the action because it was a "nominal party that lacks a real interest in the litigation" (quotation omitted)). Therefore, if Stonegate is a nominal party, its consent to removal was not required.

A nominal party is one "'without a real interest in the litigation' and is generally 'named to satisfy state pleading rules.'" Sannuti v. Starwood Hotels & Resorts Worldwide, Inc., Civ. A. No. 14-587, 2014 WL 1515650, at *1 (E.D. Pa. Apr. 16, 2014) (quoting Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991); and Lincoln Property Co. v. Roche, 546 U.S. 81, 92 (2005)). "A 'nominal party' is defined as one 'neither necessary nor indispensable to the suit.'" Isaac v. Mitchell, Civ. A. No. 08-2505, 2008 WL 2890947, at *2 (E.D. Pa. July 25, 2008) (citing Balazik, 44 F.3d at 213; and Fed. R. Civ. P. 19). Under Federal Rule of Civil Procedure 19, a party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, a party is necessary if:

> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). Put simply, "[a] party is necessary . . . to the suit if the plaintiff states a cause of action against the party, and seeks relief from the party." Isaac, 2008 WL 2890947, at *2 (citing Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs., 925 F.2d 866, 871-72 (5th Cir. 1991); and Costello v. Smith, Civ. A. No. 91-1177, 1992 WL 46871, at *2 (E.D. Pa. Mar. 6, 1992)). However, "'a party is only "necessary" if it has a legally protected interest, and not merely a financial interest, in the action.'" Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005) (quoting Spring-Ford Area Sch. Dist. v.

Genesis Ins. Co., 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001); and citing Special Jet Servs., Inc. v. Fed. Ins. Co., 83 F.R.D. 596, 599 (W.D. Pa. 1979)).

In cases such as this one, when examining whether the plaintiff in the underlying case is a necessary party to the federal declaratory judgment action brought by the defendant in the underlying case against its insurance carrier, courts in this district have not found the underlying case plaintiff to be a necessary party to the federal declaratory judgment action. See, e.g., Liberty Surplus Ins. Corp. v. McFaddens at Ballpark, LLC, 116 F. Supp. 3d 447, 462 (E.D. Pa. 2015) (finding that the injured party "does not have a legal interest relating to the subject of the instant [declaratory judgment] action" because his financial interest in recovering from the underlying case defendant "is insufficient to make him a necessary party to this [declaratory judgment] action under Rule 19(b)"); Nat'l Cas. Co. v. Young, Civ. A. No. 07-4836, 2008 WL 4414719, at *1-2 (E.D. Pa. Sept. 23, 2008) (determining that the injured party is not a necessary party to a declaratory judgment action to determine the terms of an insurance policy because she is not a party to the insurance contract and "complete relief can be granted in her absence").

Based on the foregoing, we find that Stonegate is not a necessary party to this litigation because it has no legally-cognizable interest in this litigation, and Affinity only brought suit against it to satisfy the state procedural and jurisdictional rule regarding state court declaratory judgment actions.[1]  Indeed, although the Complaint includes Stonegate as a defendant, it seeks

---

[1] Here, the Complaint explicitly asserts that Stonegate is joined as an indispensable party pursuant to Vale Chemical Co., 516 A.2d 684, which held that Pennsylvania's Declaratory Judgment Act requires an insured bringing an action against its insurance carrier in order to resolve a coverage dispute to join the plaintiff in the underlying action as an additional defendant. Id. at 686, 688. However, the Vale rule does not apply in federal court because it is a "procedural and jurisdictional ruling," and "[u]nder Erie [R. Co. v. Tompkins, 304 U.S. 64 (1938)], 'federal courts sitting in diversity apply . . . federal procedural law'" and federal

no relief from it. Under these circumstances, Stonegate is a nominal party whose consent is not needed for the case to be removed to federal court. Consequently, we find that American Safety properly removed the case to this Court, and we deny the Motion to Remand.

      B.      Motion to Strike

American Safety has moved to strike Stonegate's Objection to Removal, arguing, as it did in its Response to the Motion to Remand, that Stonegate's consent to remove the case was unnecessary because Stonegate is a nominal party. American Safety further argues that Stonegate's Objection should be stricken because the Federal Rules of Civil Procedure and the statutes governing removal do not provide for the filing of such an objection. Indeed, 28 U.S.C. § 1447 provides the procedures to be followed after removal and explains that, when a party believes that a case has been improperly removed to federal court, that party may file a motion to remand. 28 U.S.C. § 1447(c). Thus, Stonegate's Objection to Removal was procedurally improper. We therefore grant American Safety's Motion to Strike Stonegate's Objection to Removal.

## IV.    CONCLUSION

For the reasons stated above, the Motion to Remand is denied and the Motion to Strike is granted. An appropriate order follows.

                                              BY THE COURT:

                                              /s/John R. Padova
                                              _____
                                              John R. Padova, J.

---

jurisdictional principles. Liberty Mut. Ins. Co., 419 F.3d at 228-29 (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)).